UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERICK MARQUIS BROWN, | ) | |
| | ) | |
| Petitioner, | ) | 2:14-cv-00194-JCM-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRIAN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Before the court is petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 48. With the motion, petitioner asks this court to vacate the order and judgment dismissing his petition as untimely. For the reasons that follow, the motion is denied.

Brown argues that he can satisfy the requirements for relief from judgment under either Fed. R. Civ. P. 60(b)(1) – "mistake, inadvertence, surprise, or excusable neglect" – or Fed. R. Civ. P. 60(b)(6) – "any other reason that justifies relief." A movant seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Such circumstances "rarely occur in the habeas context." *Id.*

In arguing he is entitled to relief under Rule 60(b), Brown focuses on this court's determination that, to the extent he was relying on attorney abandonment or attorney misconduct as a

1 ground for equitable tolling, such tolling could not extend beyond July 12, 2013, the date he was
2 notified that the Nevada Supreme Court had affirmed of the lower court's denial of his state habeas
3 petition. The court's reasoning was that, by that time, Brown had "initiated his campaign of filing
4 numerous *pro se* pleadings in the state court, a clear indication that he was no longer relying on [his
5 attorney] to pursue relief on his behalf." ECF No. 46, p. 7.

6 Brown insists that he continued to depend upon his attorney to pursue collateral relief on his
7 behalf "until the end of the calendar year of 2013." ECF No. 48, p. 5. As support, he submits
8 evidence of letters and phone calls to his attorney, Robert Langford, in July and August of that year.
9 This argument is undermined, however, by the fact that, on August 29, 2013, this court received
10 from Brown a *pro se* habeas petition nearly identical to the one he submitted on January 28, 2014, in
11 this proceeding. *See Brown v. Williams*, 2:13-cv-01574-JCM-CWH. That petition was dismissed
12 without prejudice on September 5, 2013, due to Brown's failure to pay the filing fee or file a
13 complete *in forma pauperis* application. *Id*., ECF No. 2.

14 That aborted proceeding establishes that Brown was not depending entirely upon Langford to
15 pursue relief in August of 2013. Moreover, the order dismissing the proceeding included a specific
16 warning that Brown was "responsible for calculating the running of the federal limitation period as
17 applied to his case" and "properly commencing a timely-filed federal habeas action." *Id*., p. 2. With
18 only the need to assemble a proper *in forma pauperis* application standing in his way, Brown waited
19 another five months to initiate the instant proceeding.

20 Brown also overlooks that the court found his more recent petition untimely even after giving
21 him every possible benefit of the doubt. To begin with, his first state post-conviction proceeding
22 was dismissed as untimely and, therefore, did not statutorily toll the one-year filing period, which
23 expired on December 12, 2008. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-17 (2005) (holding a
24 habeas petitioner's state post-conviction petition that was rejected by the state court as untimely
25 under state law is not "properly filed" for the purposes of § 2244(d)(2)'s statutory tolling provision).
26

Absent a showing his conduct was "egregious," Langford's mere failure to initiate a timely state petition is not grounds for equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (explaining that "unprofessional attorney misconduct may. . . prove 'egregious' and can be 'extraordinary,'" but that "'a garden variety claim of excusable neglect . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling" (internal citations omitted)).

Likewise, with respect to Langford's alleged failure to advise Brown that the state petition was untimely and failure to notify Brown of the Nevada Supreme Court order concluding his state habeas proceeding, the court granted Brown the presumption that Langford's conduct was sufficiently egregious to amount to an extraordinary circumstance without Brown providing any evidence that demonstrated more than inadvertence or negligence.[1]  In addition, the court calculated the equitable tolling period based on the unrealistic supposition that Langford could have filed a state habeas petition to toll the statutory period immediately upon being retained.

In summary, Brown falls well short of demonstrating that he pursued his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *See Id.*, 130 S.Ct. 2549, 1085 (2010); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (noting that the petitioner ultimately has the burden of proof on this "extraordinary exclusion").

Accordingly, this court stands by its determination that Brown's federal petition is time-barred under 28 U.S.C. § 2244(d).

**IT IS THEREFORE ORDERED** that petitioner's motion to for relief from judgment (ECF No. 48) is DENIED.

---

[1] Brown alleges that Langford colluded with the district attorney or the state court judge to sabotage his case, but provides no support other than asserting that "Langford is once again working for the Clark County's District Attorney's office." ECF No. 48, p. 6.

3

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability with respect to the denial of his motion.

**IT IS FURTHER ORDERED** that the clerk shall send a copy of this order on the United States Court of Appeals for the Ninth Circuit (referencing Appellate Case Number 16-15492).

Dated October 3, 2016.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE